# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### James M. Ashley and Thomas W.L. Ashley U.S. Courthouse

Angel Obando

                                  Plaintiff,

v.                                          Case No.: 3:25−cv−02062−JZ

                                            CIVIL CASE
                                            <u>MANAGEMENT PROCEDURES</u>
                                            Judge Jack Zouhary

Antonio Sofo & Son Importing Co.

                                  Defendant.

---

Unless otherwise ordered, counsel should be prepared to comply with the following case management practices designed to advance the promise of Federal Civil Rule 1.

## 1. Initial Procedures

- <u>Case Intake</u>

  When a new case is assigned to Judge Z, a member of Chambers staff typically contacts Plaintiff's counsel with a few routine, non−substantive intake questions. E.g., is the identity of defense counsel known? Have the parties engaged in any pre−filing settlement discussions?

  Once Defendant enters an appearance (or sometimes sooner, if defense counsel is already known), Chambers staff will contact counsel for both sides to schedule an Initial Telephone Conference.

- <u>Initial Telephone Conference</u>

  Counsel should be prepared to bring Judge Z up to speed on the facts of the case, any settlement discussions, and any key issues that have emerged so far. Judge Z will then set a Case Management Conference (CMC) −− preceded by a Settlement Conference, if requested (see below).

  NOTE: **<u>No Motions to Dismiss may be filed before the Initial Telephone Conference.</u>** Judge Z requires counsel to discuss the basis for any Motion to Dismiss and routinely grants Plaintiff an opportunity to amend the Complaint to cure any perceived defect. If the answer date falls before the Initial Telephone Conference, the deadline will be automatically tolled to allow counsel to discuss any motion practice.

  Judge Z encourages counsel to evaluate jurisdictional or other strictly legal issues that can be resolved early in the case, with little or no discovery.

- <u>Initial Disclosures</u>

  Judge Z takes a robust view of the initial disclosure requirement under Federal Civil Rule 26(a)(1). He requires the parties to turn their cards over at the beginning of the case –– that means both sides must produce actual documents, not just a list of responsive items. Judge Z typically requires parties to complete their disclosures *before* the CMC, so the Court and counsel can agree on a realistic case schedule.

## 2. Settlement & Case Management Conferences

At the request of counsel, Judge Z will hold a "combo" Settlement and Case Management Conference. This means he first assists the parties in making good faith settlement efforts. If the case does not resolve, he then proceeds to discuss a case schedule.

If the parties wish to discuss resolution, counsel and representatives with full settlement authority must attend in person or remotely, unless excused. If the conference is limited to setting a case schedule, Judge Z will allow counsel to attend by phone or Zoom –– but counsel and clients are always welcome to attend in person.

If, during the course of the case, counsel reach agreement to adjust discovery deadlines, court approval is not needed –– **<u>as long as those extensions do not affect the trial date.</u>** Judge Z will not extend a previously set trial month or date absent good cause –– really good cause.

## 3. Motions Practice

- <u>General Rules</u>

  Unless otherwise ordered, counsel are expected to adhere to the requirements of Local Civil Rule 7.1 regarding response deadlines and page limits. **<u>No reply briefs may be filed without prior authorization.</u>** Judge Z will hold oral argument if he believes it will be helpful and often submits questions in advance of the hearing. He also encourages newly minted lawyers to argue whenever possible.

  Briefs shall be double–spaced (except for the block quotes), in a font not less than 12 points in size, with margins of not less than one inch. **<u>All documents must be text–searchable PDFs. Footnotes are strongly discouraged.</u>**

  Counsel shall promptly submit to Chambers a bound and tabbed courtesy hard copy of all briefing with supporting materials. While full deposition transcripts are separately filed by counsel on ECF, the courtesy copy should only contain deposition cover sheets and pages referenced in the briefing, with the relevant language highlighted.

- <u>Artificial Intelligence</u>

If any attorney for a party, or a pro se party, has used Artificial Intelligence ("AI") in the preparation of any filing with the Court, they **must**, in a clear and plain factual statement, disclose whether AI has been used in any way in the preparation of the filing, and certify that each legal citation, or record reference in the filing, has been verified as accurate. Judge Z reminds counsel that any filing prepared with the assistance of AI is subject to Rule 11.

- Discovery Disputes

Judge Z takes seriously the 2015 Federal Civil Rule Amendments and the mandate that discovery must be proportional to the needs of the case. Parties are encouraged to conduct themselves accordingly.

No Motion to Compel, Motion for Protective Order, or Motion for Sanctions may be filed unless the parties have made good faith efforts to resolve the discovery dispute. If they are unable to do so, counsel must contact Chambers to request a Telephone Conference. Local Civil Rule 37.1 governs discovery disputes, and counsel are expected to comply with the procedures outlined in that Rule.

- Summary Judgment

Much like discovery motions, Motions for Summary Judgment may not be filed unless the parties have conferred in good faith and exchanged letters outlining their respective positions with legal authorities.

If a party intends to move for summary judgment, counsel shall meet and confer about the merits of the proposed motion. If the moving party still intends to file, it shall briefly outline, in letter format, the merits of the motion, including critical record and legal citations. Opposing counsel shall respond in writing, specifically identifying genuine disputes of material fact that preclude summary judgment on those claims. These letters should not be full briefs; they are intended to be **short and succinct** outlines. Bullet points are encouraged. See Judge Z's website (Standing Orders) for sample Letters. https://www.ohnd.uscourts.gov/content/judge–jack–zouhary

The letters shall be ECF–filed as a joint attachment to a Motion for a Telephone Conference with this Court. Judge Z will then hold a Conference to discuss the basis for the Motion and, if appropriate, set a briefing schedule. Counsel should be prepared to identify the key issues and points of disagreement.

## 4. Civility

Judge Z reminds counsel of the importance of civility in their interactions with colleagues both in and out of the courtroom. He expects lawyers to maintain the highest standards of professionalism, both as a courtesy, and as a necessity to effectively represent their clients.

**IT IS SO ORDERED.**

/s Jack Zouhary

JACK ZOUHARY
U.S. DISTRICT JUDGE